# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF MASSACHUSETTS

Civil Action Number _____

Theodore R. Veale
Dorothy J. Veale

v.

United States of America

FEDERAL TORT CLAIM

28 U.S.C.S. 171

## JURISDICTION

1. Original Jurisdiction of this Court is evoked pursuant to 28 U.S.C. 1346, and this Court's Pendant Jurisdiction over violations of State Constitutional, Statutory, and Common Law claims that arises out of the same operative facts that give rise to Plaintiff's federal tort claims.. Venue of this court is evoked pursuant to 28 U.S.C. 1391(e) (3) on the grounds that at least one of the known defendants is the United States of America, and the Plaintiffs reside at 45B North Common Road, Westminster, Massachusetts, 01473.

## PARTIES

2. Plaintiffs, Theodore R. Veale, and Dorothy J. Veale, Pro se, are United States Citizens residing at 45B North Common Road, Westminster, County of Worcester, Massachusetts, 01473.
3. The defendants are the United States of America, the United States Department of Justice for the District of New Hampshire, and the United States Bankruptcy Court for the District of New Hampshire, and all other necessary individuals and agencies involved and employed by the defendant United States of America, and who, at all times relevant hereto, were employed as federal justice department officials and federal court officials involved with the investigation and processing of plaintiffs' prior complaints and bankruptcy cases involving the plaintiffs property rights located in New Hampshire. This defendants are sued individually and in their official capacities as the United States of America.

## ALLEGATIONS COMMON TO ALL COUNTS

4. Plaintiff filed pursuant to 28 U.S.C.S. 171 their federal tort claim against the defendants July 19, 1999. **SEE** - Copy of "Federal Tort Claim" attached as Plaintiff's Exhibit – 1.
5. Plaintiff repeats and incorporates by reference all of the foregoing allegations contained their aforesaid federal tort claim above and incorporates them as part of this Complaint.

6. Plaintiff alleges, by the defendants engaged in the conduct aforesaid, they either individually or jointly, combined their efforts under color of federal law, while acting within the scope of their official capacities, to carry out the object of the alleged wrongful and unlawful conspiracy to deprive the plaintiffs of their aforesaid properties rights in New Hampshire without affording them due process of law, and fail and neglect to properly investigate and prosecute violations of federal criminal law against the plaintiffs and their family, and failed and neglected to uphold the plaintiff's constitutional rights involving their right to redress for their grievances, and did so without a good faith belief in the reasonableness of their actions, and thereby did commit negligence, fraudulent concealment, and conspiracy against the plaintiffs.
7. All of the above-named defendants had a duty and responsibility owed to the plaintiff through the years to properly investigate and prosecute federal offenses against the plaintiffs and their family, and to uphold plaintiff's constitutional rights as citizens of the United States in all federal courts, and to not to interfere with plaintiffs' rights to life, liberty, and property, and to assure that they be free from intimidation, unreasonable, unwarranted, and unlawful physical restraint, detention, and be free from the infliction of emotional distress and mental anguish, but failed and neglected to do so and to perform their duties.
8. Despite their duties aforesaid, defendants, N.H. Federal Court Judges and Federal Justice Department Agents involved, while acting as agents and employees of the defendant, United State of America, also in a means to further the object of this ongoing official conspiracy with the State of New Hampshire, acted in concert with each other and breached their duties aforesaid by engaging in the pattern of conduct as set forth in paragraphs 4 through 7 above.
9. Defendants are vicariously responsible for the conduct of all other federal and non-federal defendants involved for having acted in concert with each other to carry out the object of this ongoing conspiracy.
10. As of a result of the defendants' wrongful and unlawful conspiracy and their wrongful and unlawful attempt to put it into effect, and as a proximate and reasonably foreseeable result of all of the defendants wrongful conduct aforesaid in furtherance of this ongoing conspiracy, plaintiffs were violated and illegally deprived of their property rights in Marlborough and Bennington, NH and were eventually forced to live elsewhere against their will, and has caused plaintiffs and their family to suffer and sustain damages to their persons, properties, and good reputations. By reason of this unlawful conspiracy, and by reason of the unlawful, willful, and wanton acts and conduct on the part of all of the defendants in their efforts to carry out the object of this ongoing conspiracy, and because of the defendants misuse and abuse of official authority, plaintiffs are entitled to recover all real, consequential, non-economical and punitive damages from the defendants, as claimed in the aforesaid Federal Tort Claim in the sum of Twenty-Eight Million Dollars, ($28,000,000.00).
11. Plaintiffs also allege here that under these unusual circumstances, and because of the present status of this ongoing conspiracy, they are also entitled to immediate, temporary, and permanent injunctive and monetary relief against the defendants ordering them to perform their official duties and responsibilities owed to the

plaintiffs by re-opening and re-addressing the prior bankruptcy case and complaints filed with the bankruptcy court and department of justice, and prosecuting the necessary individuals responsible for carrying out the object of this ongoing conspiracy.

## RELIEF REQUESTED

**Wherefore,** plaintiffs requests the Honorable Court;

A. Grant Judgment against the United Sates of America and all other necessary federal defendants involved for their conduct aforesaid in the sum of (Twenty-Eight Million Dollars ($28,000,000.00), including punitive damages, together with interests, costs and reasonable attorney's fees;

B. Grant immediate monetary injunctive relief against the defendants in the amount of Five Hundred Thousand Dollars, ($500,000.00), to immediately assist and compensated the plaintiff in rehabilitating their life in Massachusetts;

C. Grant a preliminary injunction enjoining the defendants from further future misconduct and ordering them to re-open and properly re-address plaintiff's prior bankruptcy case and complaints filed with the defendants; involving their aforesaid private property rights located in Marlborough and Bennington, N.H., and enjoin them pending the resolution of this case;

D. After a hearing or hearings, issue a permanent injunction enjoining all of the defendants, either individually or collectively, from engaging in the type of misconduct complained of above, and from allowing this type of conspiracy to continue affecting the plaintiff or their family involving their aforesaid private property rights in New Hampshire and/or otherwise interfering with or manipulating in any way with their aforesaid federal rights in the future;

E. Grant such other and further relief as the Court may deem equitable and just.

Respectfully submitted,

_Theodore R. Veale_   Date: 7/18/05
Theodore R. Veale, Pro Se,
45B North Common Road,
Westminster, Massachusetts 01473
(798) 874-1932

_Dorothy J. Veale_   Date: 7/18/05
Dorothy J. Veale, Pro Se,
45B North Common Road,
Westminster, Massachusetts 01473
(798) 874-1932

United States Bankruptcy Court
   For the District of New Hampshire
Manchester, New Hampshire   03101

United States Attorney's Office
   For the District of New Hampshire
55 Pleasant Street,
Concord, New Hampshire   03301

Re:   **Federal Tort Claim**

   In September of 1968 We purchased a Farm in Marlborough, that was not surveyed at the time and were told by the Bank, al Estate Agent, Lawyers, and Town Officials, that it involved r a hundred acres of farmland and the property was free and ar of any encumbrances whatsoever.  While we trusted everyone the time, including our neighbors, after moving into lborough, we later were told that we could not do anything h our undeveloped land until we hired a Surveyor as no one e' land was surveyed at that time either.  In 1975 we were erred to R.L.S. William P. House of Harrisville, NH to plete a full survey our Farm during that Summer, and reafter discovered that only 39 acres was left for us claimed by anyone else), and were told that there was nothing e we could do.  The former Marlborough Town Clerk, C. chette, told us that the 39 acre survey was consistent with  records and told us that there was nothing else we could due to the loss of the Towns' ancient historical records.
   In 1980, our two sons, Scott and David, began researching ancient deeds in our direct chain of title and discovered t the 1975 survey that William House prepared for us, luding his field work, was incorrect, inaccurate, and did truthfully represent the historical land monuments reference our deed description.  Our sons' research further indicated us that, instead of just a small 39 acre patch of woods on side of this hill we lived on, our Farm legally was supposed encompass the entire hill estimated at around 2800 acres n our deed was written in 1852, and that there was a **BIG TAKE** made and there was still time to do something about to correct it.  From this point on, We began hiring several yers and Surveyors to complete the professional work necessary confirm these findings and finish a **full** title report and **plete** survey of this historical farm, but we began to run  a lot of local political injustice as obstacles that atedly prevented us from ever obtaining a **correct** survey itle report of this property, or from ever taking this matter  a state or federal court to resolve these issues.
   As a result, in 1983, after we were forced to file a Chapter ankruptcy Case No.   83-193 and 84-077, the U.S. Bankruptcy t for the District of New Hampshire failed and neglected ssume jurisdiction over this unusually large real estate er - including our complaints at the time against the N.H. e Courts, and we were unable to receive any type of relief soever from the Bankruptcy Court, Judge Yacos, that could

have saved us from losing the rest of our "extra" property rights, as we were later forced through duress during the Bankruptcy Court proceedings to sell off **all** of the remaining 39 acres of surveyed property in Marlborough, before we ever had a chance to resolve and realize the full and actual potential value of the "extra" land that we owned in Marlborough that was described in our deed, and because of these negligent acts on the part of the federal officials and bankruptcy court employees, including the Trustee and Lawyers representing us and the Bank of N.H. at the time, we were subsequently injured as of a result, as we were never able to survey or quiet title this Farm that we purchased in Marlborough in 1968 from that point on before the applicable 20-year statute of limitations expired from the August 1975 incorrect survey, which we had a perfect legal right to do - had the Bankruptcy Court in the beginning properly handle our case and complaint. **SEE** Veale v. T/O Marlborough, NH et al., 95-E-0082, Cheshire County Superior Court, Appeal denied N.H. Supreme Court (7/21/97). Since that date, and according to information and belief, certain local, state, and federal officials attempted to murder our two sons on January 7, 1998 when they were only 38 years old, by staging their single motor vehicle crash on a half mile strip of black ice on Rte. 9 in Stoddard, NH - and making it look like an accident that was their fault, and again because of the officials involved, nothing has been done about that either by your employees to date which we would also like to include and make part of this complaint and claim as well.

Pursuant to Title 28 Chapter 171 of the Federal Tort Claims Act, and within the applicable 2-year statute from the final order dismissing the above-referenced Quiet Title case, We demand the United States make full settlement and compensation to us for our damages and losses to date that we, and our innocent family, have suffered and incurred as a direct result of the negligent acts described above concerning all of the federal employees involved to date and the U.S. Attorney's Office for the District of New Hampshire, while acting within the scope of their employment and official capacities, that directly contributed to the unlawful and unjustified foreseeable future interference with and deprivations of our aforesaid federally protected property rights and family reputation in Marlborough, in the amount of Twenty Eight Million Dollars ($28,000,000.00).

Date: *July 19, 1999*

*Dorothy J. Veale*
Dorothy J. Veale
443 N. Bennington, Rd.,
Bennington, NH   03442
(603) 588-2704

*Theodore R. Veale*
Theodore R. Veale
443 N. Bennington Rd.,
Bennington, NH   03442
(603) 588-2704

Sworn and subscribed to both before me this  19  day of July, 1999 that the foregoing statements made by both to be the truth to the best of their knowledge and belief.
Notary/Justice of the Peace

*Dianne E. Nicol*

DIANNE E. NICOL, Notary Public
My Commission Expires April 19, 2000

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Theodore R Veale Et al.
Dorothy J. Veale

**DEFENDANTS** United States Of America
Attorney General
Dept of Justice

(b) County of Residence of First Listed Plaintiff  Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Theodore R. Veale
458 N Common Rd Westminster Mass 01473

Attorneys (If Known)
05  11526 GAO

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☒ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USCS 171
Brief description of cause: Federal Tort Claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 7-19-05

SIGNATURE OF ATTORNEY OF RECORD
Theodore R. Veale

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Theodore R Veale vs USA__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ___   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.              for patent, trademark or copyright cases

    ✓     III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___   IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___   V.    150, 152, 153.

    05-11526 GAO

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐   NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐   NO ☑

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐   NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☑   NO ☐

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☐   Central Division ☑   Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Theodore R Veale__
ADDRESS __45B N Common Rd Westminster Mass. 01473__
TELEPHONE NO. __978 874 1932__

(CategoryForm.wpd -5/2/05)