## UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THEODORE R. VEALE,<br>DOROTHY J VEALE,<br>    Plaintiff | |
| -vs- | **AMENDED COMPLAINT** |
| | **AND PETITION FOR MANDAMUS** |
| DEFENDANTS,<br>  United States of America,<br>  United States Attorney General,<br>  U.S. Department Of Justice,<br>  United States Attorney<br>    District of New Hampshire,<br>  United States Bankruptcy Court<br>    District of New Hampshire, | **AND FOR INJUNCTIVE,**<br><br>**DECLARATORY,**<br><br>**AND OTHER RELIEF**<br><br>**JURY TRIAL DEMANDED** |
| Other Known and Unknown<br>    Defendants, | **CIVIL CASE NO. 1:05-CV-11526 GAO** |

### JURISDICTION

1. This action arises under the Federal Tort Claims Act, Civil Rights Act, and Writ of Mandamus under 5 U.S.C. 701-706, 28 U.S.C. 171, and 1361, and 42 U.S.C. 1983, 1985(3), and 1986. Original Jurisdiction of this Court is evoked pursuant to 28 U.S.C. 1331, 1332(a)(1), 1343(a)(1)(2)(3)(4), 1346(b), 1367(a), 2671 et seq., and this Court's Pendant Jurisdiction over violations of State Constitutional, Statutory, and Common Law claims that arises out of the same operative facts that give rise to Plaintiff's federal claims. Venue of this court is evoked pursuant to 28 U.S.C. 1391(e) (3) on the grounds that one or more of the known defendants is the United States, agencies, and employees, and the Plaintiffs both reside at 45B North Common Road, Westminster, County of Worcester, Massachusetts, 01473.

### PARTIES

2. Plaintiffs, Theodore and Dorothy Veale, Pro se, are United States Citizens residing at 45B North Common Road, Westminster, Massachusetts, 01473.
3. The defendants, are the United States of America, and all relevant agencies and former and present Employees and Head of the Department of Justice, Washington, D.C., and the United States Attorneys Office for the District of New Hampshire, and the United States Bankruptcy Court for the District of New

1

Hampshire. They are individuals and agencies employed by the United States, and at all times relevant hereto, did employ the federal justice department officials and court officials involved with the investigation and processing of plaintiffs', or their families', prior complaints and court cases involving this, and other civil right violations. These defendants are sued collectively and jointly in their official and individual capacities, and in its' official capacity as the United States of America.

4. Additional other known and unknown defendants include the United States District Court and Justice Departments and Officials involved for the District of N.H., N.H. Attorney Generals Office and Officials involved, N.H. Department of Resources and Economic Development and Officials involved, N.H. State Police Troop C, any former or present Marlborough, Gilsum, and Bennington Selectmen involved, other local, state, and federal official employees and/or agencies involved, former N.H. Lawyers and Surveyors hired by the Plaintiffs, or their family, and others involved with abutters' properties, and other private individuals involved. Plaintiff reserves their right to amend this complaint to include any of these other defendants as may be deemed necessary at a later date.

## PRELIMINARY STATEMENT

5. Plaintiffs, Theodore and Dorothy Veale, Pro se, brings this action and private criminal complaint and requests for mandamus relief pursuant to 5 U.S.C. 701-706, and 28 U.S.C.S. 171, and 1361, and 42 U.S.C.S. 1983, 1985(3), and 1986, and the substantive laws of the State of New Hampshire and Massachusetts, seeking redress and injunctive relief against defendants for the deprivation by defendants of the plaintiff's rights, privileges, and immunities secured to them, and their family, under the Constitution of laws of both the United States and the State of New Hampshire, particularly their right to liberty, equal protection and due process of the laws. Plaintiff also seeks damages for negligence, fraud, and conspiracy. Plaintiff also seeks a preliminary injunction and permanent injunction against the defendants seeking compulsory and monetary injunctive relief to investigate, prosecute, and enforce said civil rights for the wrongful and unlawful deprivations by defendants of plaintiffs, and their families', properties located in Marlborough, Gilsum, and Bennington, NH without affording them due process or equal protection of the laws. In addition, Plaintiffs seek mandamus relief and a review of what amounted to a legal wrong by the defendant agencies in mishandling the prior complaints and cases filed by the Plaintiffs and their Family.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Pursuant to 28 U.S.C.S. 171 Plaintiffs presented their federal tort claim against the defendants July 19, 1999. **SEE** - Copy of "Federal Tort Claim" attached as Plaintiff's Exhibit – 1.
7. On January 19, 2000, such claim was finally denied by the defendants and the United States Department of Justice.
8. Plaintiff repeats and incorporates by reference all of the foregoing allegations contained in their aforesaid federal tort claim dated July 19, 1999 and incorporates herein by reference and makes it part of this Amended Complaint.

9. Plaintiff alleges, by the defendants engaging in the conduct aforesaid, they either individually or jointly, combined their efforts under color of federal law, while acting within the scope of their official capacities and in the performance of their duties, between the dates of 1984 and the present, did commit wrongful and unlawful conspiracy against Plaintiffs, and their family, to wrongfully deprive them of their aforesaid properties rights in New Hampshire without affording them due process or equal protection of the laws, and did fail and neglect to properly investigate and prosecute violations of federal criminal law against the plaintiffs, and their family, and did fail and neglect to uphold the plaintiff's constitutional rights involving their right to redress for their grievances, and did so without a good faith belief in the reasonableness of their actions, and by doing so did commit negligence, fraudulent concealment, and conspiracy against the plaintiffs.

10. On numerous occasions prior to, during, and after the following events, and as part of the object and intent of this conspiracy, defendants, the United States and others named, through its' N.H. Federal Courts and Justice Departments, became aware of this wrongful and unlawful conspiracy to deny plaintiffs their property rights in N.H. without due process or equal protection, and to deny them equal access to the courts by a jury trial for redress in any case for their grievances, and to a proper investigation and prosecution of these ongoing crimes, and in breaching their duties owed to the plaintiffs, they perpetrated, instigated, and condoned the foregoing pattern of events leading up to the alleged civil right violations involving plaintiffs' property located in Marlborough, NH, and their two sons, Scott and David Veale, in a means to further carry out the object of this conspiracy and fraudulently conceal plaintiffs' various claims against the defendants. See – Plaintiff's Tort Claim attached as Exhibit – 1.

11. As a result of defendants' wrongful and unlawful conspiracy and their wrongful and unlawful attempt to put it into effect, Plaintiffs' boundary disputes was never fully and fairly adjudicated by any court properly and Plaintiffs and their Family were subsequently wrongfully and illegally deprived of their rights and abilities to continue owning and protecting their real properties located in Marlborough, Gilsum, and Bennington, NH, and were never afforded any due process or equal protection of the laws, as of a result.

12. As a result, on September 4, 1984 plaintiffs were consequently wrongfully forced to sell off the remaining surveyed land they owned in Marlborough, NH by the defendant U.S. Bankruptcy Court, before their boundary dispute could be resolved or adjudicated, and on February 13, 2003, plaintiffs were also consequently forcibly removed from their homestead in Bennington, NH, before obtaining any form of redress in any New Hampshire state or federal court, and lost their property rights there and were forced to move to Massachusetts with a friend against their will.

13. As a result of the defendants' wrongful and unlawful conspiracy and their wrongful and unlawful attempt to put it into effect, plaintiffs were wrongfully and illegally deprived of their abilities to continue owning their aforesaid properties, and operating their self-employed tree farm and wood business and using their personal properties in Marlborough, Gilsum, and Bennington, NH as they see fit,

3

and were not afforded any due process or equal protection of the laws through the combined efforts of all defendants.

14. As a result of all defendants' wrongful and unlawful conspiracy and their wrongful and unlawful attempt to put it into effect, Plaintiffs, and their Family, were wrongfully deprived of their federally protected property rights and abilities to continue owning and using their properties and continuing their self-employed businesses in Marlborough, Gilsum, and Bennington, NH and were never afforded due process or equal protection of the laws, and were eventually forced to move out of New Hampshire.

15. All of the events which took place and actions complained of above, were committed by the various governmental units, employees and individuals, acting within their official and individual capacities, and in concert with each other, with the intent to manipulate and delay the outcome of the resolution of, and non-adjudication of, the Plaintiffs' boundary dispute, and were motivated by group animus towards the Plaintiff, and their family, with the intent to deprive them of their aforesaid property rights, liberties, and natural lives living peaceably in New Hampshire, and was designed to never afford them due process of law or equal protection, because of the defendants' knowledge of Plaintiffs' economic status as the lawful landowners of the disputed properties involved, that others are claiming to own through fraud, and because of defendants' knowledge of the Plaintiffs' inability to hire or obtain a competent lawyer or surveyor by now to complete a massive survey and title report of their properties, and because of their pro se status and persistence over the years in trying to settle their property rights dispute.

16. As a result, Plaintiffs were forced to sell their properties in Marlborough, and Bennington, NH, before they could resolve and adjudicate their boundary disputes, and were forced to live elsewhere through the years against their will, and eventually forced to move to Massachusetts, while no other private adverse landowner in New Hampshire was ever required to file any case in any court against the plaintiffs, or their family, to prove their ownership of the disputed properties in question that the plaintiffs were claiming and rightfully own today.

17. As a result of the defendants wrongful and unlawful conspiracy and their wrongful and unlawful attempts to put it into effect, plaintiffs, or their Family, suffered great mental anguish and injury, physical injuries, and were never afforded their rights in any N.H. state or federal court to establish their ownership and legal rights to any of their properties in Marlborough, Gilsum, and Bennington, NH prior to the authorities wrongfully depriving them, and their family, of their rights as citizens and landowners, and the authorities pattern of activities towards the Plaintiffs was aimed at singling them out and did harass them and intentionally cause them extreme hardships, economic losses, and infliction of mental distress, and loss of family consortium, in order to further fraudulently conceal the plaintiffs' claim to their properties, commit theft, trespass, attempted murder, and manipulate the plaintiffs' ability to defend, protect, and convey their property rights, in a means to further alter and manipulate the entire outcome of the boundary disputes in their favor and to the defendants' own benefit, and to illegally obstruct the proper and due administration of justice.

18. As a result of this pattern of injustice, Plaintiffs either lost or cannot use anything they own to date for property in New Hampshire, and were never afforded a full opportunity or fair day in any impartial court for redress of their grievances. Plaintiff and their family, were also repeatedly defamed through the years by a number of other known and unknown defendant lawyers, surveyors, and local authorities and private citizens involved, for pursuing and exercising their rights to redress and to resolve their boundary disputes involving their properties, and were eventually forced to move out of New Hampshire in 2003 as a result.
19. The reasonable market value of plaintiffs' property at the time of the unlawful taking and deprivation was $28,000,000.00.and defendants are vicariously and individually liable for each others action to plaintiffs for all damages and its' current market value.
20. Plaintiffs, and their Family, before their losses at the hands of the defendants, were able bodied people, well able to work their self-employed farm business and continue living on their own properties receiving an average of $500.00 per week as their individual wages, but were unable to do so because of defendants' acts.
21. As a result of defendants' wrongful and unlawful conspiracy and their wrongful and unlawful attempt to put it into effect, plaintiffs' normal life became disrupted and burdened with anxiety, scrutiny, foreseeable mental anguish, and their abilities to continue living a normal life became more impaired, and plaintiffs have been caused to suffer great mental anguish and suffering in trying to resolve and adjudicate their boundary disputes, and have been forced to expend in excess of the sum of $30,000.00 in attempting to vindicate their claims, and have been greatly injured in credit and circumstances, and their earning capacities have been greatly decreased as they have been unable to resolve any of their boundary disputes or allowed to return their properties and are inconvenienced in their motivation and performance of their work, which will remain permanent until this case is settled. Plaintiffs have suffered damages in all of the above particulars in the total sum of $28,000,000.00, itemized as follows:

| | |
|---|---|
| Loss of Property | - $28,000,000.00 |
| Loss of Wages from Self-Employment | - $28,000,000.00 |
| Mental Anguish and Suffering | - $28,000,000.00 |

22. In committing the acts alleged, defendants acted with malice towards the plaintiffs, and used unreasonable, unwarranted, and excessive force against them, and their family, in an effort to carry out the object of this unlawful conspiracy and to unlawfully gain possession of the plaintiffs' privately owned properties in Marlborough, Gilsum, and Bennington, N.H, and did so in order to manipulate the outcome and resolution of the plaintiffs' ongoing boundary disputes with other known and unknown defendant private landowners.
23. By reason of this wrongful and unlawful conspiracy, and by reason of the unlawful, willful, and wantom acts and conduct on the part of all of the defendants in their efforts to carry out the object of this conspiracy, plaintiffs and their family were never afforded an impartial trial by jury in a number of different cases where they were entitled to one, they and their family were wrongfully denied equal

access to the New Hampshire state and federal courts to adequately resolve any of their legal matters involving their property rights, and they and their family, were wrongfully and unlawfully defamed and forced to live elsewhere with false reputations based upon the misrepresentations caused by the various combined acts of the defendants involved to fraudulently conceal this conspiracy.

### COUNT I:  First, Fourth, Fifth, Sixth, and Fourteenth Amendments And 42 U.S.C. 1983, 1985(3), and 1986,

24. Plaintiffs repeats and incorporates by reference all of the foregoing allegations contained in paragraphs 1 – 23 above and makes them a part of this Count.
25. Plaintiffs allege by defendants engaging in the conduct aforesaid, they either individually or jointly, combined their efforts under color of law while acting within the scope of their official capacities, to carry out the object of this conspiracy, and did so without a good faith belief in the reasonableness of their actions, and thereby directly and proximately deprived plaintiffs of their civil rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and secured to them under 42 U.S.C. 1983, including their right to Freedom of Speech and Right to Petition their government for their Grievances, their right to be free from unlawful search, seizure, or wrongful deprivation of their properties, their rights to be afforded due process and equal protection of the laws, and their right to an impartial trial by jury.
26. All of the above named defendants had a public duty and responsibility owed to the plaintiffs to uphold their aforesaid federally protected constitutional rights and to exercise due care so as to ensure the proper and lawful conduct consistent with the equal rights of all citizens. Despite said duties, defendants breached their duties aforesaid by failing and neglecting to afford plaintiffs due process, by failing to have corrected their erroneous tax maps and prior mistakes, and recognize plaintiffs as a legal residents and landowners where they still own properties in New Hampshire today, and by engaging in the pattern of misconduct as set forth above.
27. All of the defendants should have known this type of conduct was violative of plaintiff's aforesaid substantial and procedural due process rights.
28. As of a result of the defendants' wrongful and unlawful conspiracy and their wrongful and unlawful attempt to put it into effect, plaintiffs' aforesaid civil rights were violated, they were illegally deprived of, or forced to sell, their properties in Marlborough and Bennington, NH and were otherwise forced to live and work elsewhere against their will, and has caused them to suffer and sustain damages to their persons, properties, and good reputations. By reason of this unlawful conspiracy, and by reason of the unlawful, willful, and wantom acts and conduct on the part of all of the defendants in their efforts to carry out the object of this conspiracy, and defendants use of excessive and unreasonable force and discretion, plaintiff is entitled to recover real, consequential, and non-economical damages from defendants, for their losses in the sum of $28,000,000.00.
29. Under these extreme and very extrodinary circumstances plaintiffs are further entitled to immediate preliminary and permanent monetary and other injunctive

relief against the defendants enjoining them from future conduct aimed at interfering with plaintiffs' aforesaid constitutional rights to own property in New Hampshire, and an injunction to enjoin the pending civil and criminal cases now pending against their two sons, Scott and David Veale in N.H. state court, and to begin compensating plaintiff for their numerous losses.

30. Plaintiffs do not have any other adequate remedy at law and cannot obtain this type of injunctive and other relief in any other court at this time.

31. By reason of this unlawful conspiracy, and by reason of the unlawful, willful, and wantom acts and conduct on the part of all of the defendants in their efforts to carry out the object of this conspiracy, and defendants use of excessive force and abuse of discretion, plaintiffs were violated and are therefore entitled to recover all damages from defendants, in the sum of $28,000,000.00.

## COUNT II : Intentional Torts

32. Plaintiffs repeats and incorporates by reference all of the foregoing allegations contained in paragraphs 1 – 31 above and makes them a part of this Count.

33. Plaintiffs allege by defendants engaging in the conduct aforesaid, they either individually or jointly, combined their efforts under color of law while acting within the scope of their official capacities, and in the performance of their duties owed to plaintiffs, did carry out the object of this conspiracy, and did so without a good faith belief in the reasonableness of their actions, and thereby committed fraudulent concealment, theft, trespass, false imprisonment, false arrest, malicious prosecution, official oppression, abuse of office, and conspiracy to defame plaintiffs, and their family, by malicious criminal and civil prosecution.

34. As of a result of the defendants' wrongful and unlawful conspiracy and their wrongful and unlawful attempt to put it into effect, and as a proximate and reasonably foreseeable result of all of the defendants wrongful conduct aforesaid in furtherance of this conspiracy, plaintiffs were violated and illegally deprived of their properties in Marlborough and Bennington, NH and were eventually forced to live and work elsewhere against their will, and has caused them, and their family, to suffer and sustain damages to their persons, properties, and good reputations. By reason of this unlawful conspiracy, and by reason of the unlawful, willful, and wantom acts and conduct on the part of all of the defendants in their efforts to carry out the object of this conspiracy, and defendants use of excessive force and abuse of discretion and office, plaintiffs are entitled to recover real, consequential, and non-economical damages from defendants, in the sum of $28,000,000.00.

## COUNT III : Negligence, Fraud, and Conspriacy

35. Plaintiffs repeat and incorporates by reference all of the foregoing allegations contained in paragraphs 1 – 34 above and makes them a part of this Count.

36. Plaintiffs allege by defendants engaging in the conduct aforesaid, they either individually or jointly, combined their efforts under color of law while acting within the scope of their official capacities, to carry out the object of this wrongful

7

and unlawful conspiracy, and did so without a good faith belief in the reasonableness of their actions, and thereby did commit negligence.

37. All of the above-named defendants had a public duty and responsibility owed to the plaintiffs, and their family, not to interfere with their equal right to life, liberty, and property, and to be free from intimidation, physical abuse, unreasonable, unwarranted and unlawful physical restraint, detention, false imprisonment, false arrest, malicious prosecution, and free from the infliction of emotional distress and mental anguish.

38. Despite their duties aforesaid, defendants, while acting as agents and employees of the defendants, State of New Hampshire and United States of America, and others, acted in concert with each other and in furtherance of the object of this conspiracy, and breached their duties aforesaid by engaging in the pattern of conduct as set forth in paragraphs 1 through 33 above.

39. Defendants are vicariously responsible for the conduct of all other defendants for having acted in concert with each other to carry out the object of this conspiracy.

40. As of a result of the defendants' wrongful and unlawful conspiracy and their wrongful and unlawful attempt to put it into effect, and as a proximate and reasonably foreseeable result of all of the defendants wrongful conduct aforesaid in furtherance of this conspiracy, plaintiffs, and their family, were violated and illegally deprived of their properties in Marlborough and Bennington, NH and were forced to live and work elsewhere against their will, and has caused them, to suffer and sustain damages to their persons, properties, and good reputations. By reason of the unlawful conspiracy, and by reason of the unlawful, willful, and wantom acts and conduct on the part of all of the defendants in their efforts to carry out the object of this conspiracy, and defendants use of excessive force and abuse of office, plaintiffs are entitled to recover real, consequential, and non-economical damages from defendants, in the sum of $28,000,000.00.

## COUNT IV : Violation of New Hampshire Constitution

41. Plaintiffs repeat and incorporates by reference all of the foregoing allegations contained in paragraphs 1 – 40 above and makes them a part of this Count.

42. Plaintiffs allege by defendants engaging in the pattern of conduct aforesaid, they either individually or jointly, combined their efforts under color of law, and violated plaintiff's, and their families, State Constitutional Rights set forth in the New Hampshire Constitution Part 1, Art. 1, 2-a, 2d, 8, 12, 14, 15, 18, 19, 20, 22, 32, and 35.

43. As a direct and proximate result of all of the defendants combined efforts to carry out the object of this conspiracy, plaintiffs suffered losses of liberties and properties, injuries, discomfort, losses of use of their properties, emotional distress and mental anguish, loss of family consortium, loss of personal properties, fear, and was unable to attend to their usual occupations and pursuits, and the losses and the enjoyment of life, and other consequential and non-economical damages, all to the damage to the plaintiffs in the sum of $28,000,000.00.

## COUNT V: Federal Tort Claim
## And Request for Mandamus

44. Plaintiffs repeat and incorporates by reference all of the foregoing allegations contained in paragraphs 1 – 43 above and makes them a part of this Count.
45. Plaintiffs allege, by the defendants engaging in the conduct aforesaid, they either individually or jointly, combined their efforts under color of law while acting within the scope of their official capacities, to carry out the object of this wrongful and unlawful conspiracy, and did so without a good faith belief in the reasonableness of their actions, and thereby did commit negligence, fraudulent concealment, and conspiracy against the plaintiffs, and their family.
46. All of the above-named defendants had a duty and responsibility owed to the plaintiffs, and their family, through the years not to interfere with their equal and natural rights to life, liberty, and property, and to assure they be free from intimidation, physical abuse, unreasonable, unwarranted, and unlawful physical restraint, detention, false imprisonment, false arrest, malicious prosecution, and free from the infliction of emotional distress and mental anguish, but failed and neglected to perform those duties, in furtherance of said conspiracy.
47. Despite their duties aforesaid, defendants, N.H. Federal Court Judges and Justice Department Agents and Employees involved, while acting as agents and employees of the defendant, United State of America, also in a means to further the object of this conspiracy, acted in bad faith and in concert with each other and breached their public duties aforesaid by engaging in the pattern of conduct as set forth in paragraphs 1 through 45 above.
48. Defendants are vicariously responsible for the conduct of all other defendants for having acted in concert with each other to carry out the object of this conspiracy.
49. As of a result of the defendants' wrongful and unlawful conspiracy and their wrongful and unlawful attempt to put it into effect, and as a proximate and reasonably foreseeable result of all of the defendants wrongful conduct aforesaid in furtherance of this conspiracy, plaintiffs, and their family, were violated and illegally deprived of their properties in Marlborough and Bennington, NH without due process or equal protection of the laws, and were forced to live and work elsewhere against their will, and has caused them to suffer and sustain damages to their persons, properties, and good reputations. By reason of the unlawful conspiracy, and by reason of the unlawful, willful, and wantom acts and conduct on the part of all of the defendants in their efforts to carry out the object of this conspiracy, and defendants use of excessive force and abuse of office, plaintiffs are entitled to recover real, consequential, and non-economical damages from defendants, as stated in said Tort Claim in the sum of Twenty-Eight Million Dollars, ($28,000,000.00).

## RELIEF REQUESTED

**Wherefore,** plaintiffs demand Judgment in full against all defendants in the sum of $28,000,000.00, and request the Honorable Court;

A. Grant Judgment against all of the defendants for their conduct aforesaid in the sum of (Twenty-Eight Million Dollars ($28,000,000.00), including punitive damages, together with interests, costs and reasonable attorney's fees under 42 U.S.C. 1988;

B. Grant immediate monetary injunctive relief against the defendants in the amount of Five Hundred Thousand Dollars, ($500,000.00), to immediately assist and compensated the plaintiffs in rehabilitating their lives in Massachusetts;

C. Grant a preliminary injunction and removal of all prior and pending wrongful and malicious criminal and civil cases brought by defendants in the New Hampshire state courts against plaintiffs and their sons, Scott and David Veale, involving their aforesaid private property rights in Marlborough, Gilsum, and Bennington, N.H., and enjoin them pending the resolution of this civil rights case and tort claim;

D. After a hearing or hearings, issue a permanent injunction compelling Defendants to perform their duties owed to Plaintiffs and investigate and prosecute other defendants for these crimes, and enjoin all of the defendants, either individually or collectively, from filing any further frivolous cases against the plaintiffs, or their family, involving their private property rights in New Hampshire or otherwise interfere with or manipulate in any way with plaintiffs' aforesaid outcome of their private property boundary disputes and private property rights in the future;

E. Grant such other and further relief as the Court deems equitable and just.

Respectfully submitted,

*[signature]*  Date: 12/23/05
Theodore R. Veale, Pro Se,
45B North Common Road,
Westminster, Massachusetts, 01473
(978) 874-1932

*[signature]*  Date: 12/23/05
Dorothy J. Veale, Pro Se,
45B North Common Road,
Westminster, Massachusetts, 01473
(978) 874-1932

We certify copies were mailed to Defendants on this date.

Plaintiff's Exhibit - 1

United States Bankruptcy Court
   For the District of New Hampshire
Manchester, New Hampshire  03101

United States Attorney's Office
   For the District of New Hampshire
55 Pleasant Street,
Concord, New Hampshire  03301

Re:  **Federal Tort Claim**

In September of 1968 We purchased a Farm in Marlborough, that was not surveyed at the time and were told by the Bank, [Rea]l Estate Agent, Lawyers, and Town Officials, that it involved [ove]r a hundred acres of farmland and the property was free and [clea]r of any encumbrances whatsoever. While we trusted everyone [at] the time, including our neighbors, after moving into [Mar]lborough, we later were told that we could not do anything [with] our undeveloped land until we hired a Surveyor as no one [else's] land was surveyed at that time either. In 1975 we were [refe]rred to R.L.S. William P. House of Harrisville, NH to [comp]lete a full survey our Farm during that Summer, and [ther]eafter discovered that only 39 acres was left for us [(c]laimed by anyone else), and were told that there was nothing [else] we could do. The former Marlborough Town Clerk, C. [Bouc]hette, told us that the 39 acre survey was consistent with [Town] records and told us that there was nothing else we could [do d]ue to the loss of the Towns' ancient historical records.
   In 1980, our two sons, Scott and David, began researching ancient deeds in our direct chain of title and discovered [that] the 1975 survey that William House prepared for us, [incl]uding his field work, was incorrect, inaccurate, and did [not] truthfully represent the historical land monuments reference [in o]ur deed description. Our sons' research further indicated [to u]s that, instead of just a small 39 acre patch of woods on [one] side of this hill we lived on, our Farm legally was supposed [to e]ncompass the entire hill estimated at around 2800 acres [when] our deed was written in 1852, and that there was a BIG [MIST]AKE made and there was still time to do something about [it to] correct it. From this point on, We began hiring several [Lawy]ers and Surveyors to complete the professional work necessary [to c]onfirm these findings and finish a **full** title report and [comp]lete survey of this historical farm, but we began to run [into] a lot of local political injustice as obstacles that [repe]atedly prevented us from ever obtaining a **correct** survey [& ti]tle report of this property, or from ever taking this matter [into] a state or federal court to resolve these issues.
   As a result, in 1983, after we were forced to file a Chapter [7 Ba]nkruptcy Case No.  83-193 and 84-077, the U.S. Bankruptcy [Court] for the District of New Hampshire failed and neglected [to as]sume jurisdiction over this unusually large real estate [matte]r – including our complaints at the time against the N.H. [State] Courts, and we were unable to receive any type of relief [what]soever from the Bankruptcy Court, Judge Yacos, that could

have saved us from losing the rest of our "extra" property rights, as we were later forced through duress during the Bankruptcy Court proceedings to sell off all of the remaining 39 acres of surveyed property in Marlborough, before we ever had a chance to resolve and realize the full and actual potential value of the "extra" land that we owned in Marlborough that was described in our deed, and because of these negligent acts on the part of the federal officials and bankruptcy court employees, including the Trustee and Lawyers representing us and the Bank of N.H. at the time, we were subsequently injured as of a result, as we were never able to survey or quiet title this Farm that we purchased in Marlborough in 1968 from that point on before the applicable 20-year statute of limitations expired from the August 1975 incorrect survey, which we had a perfect legal right to do – had the Bankruptcy Court in the beginning properly handle our case and complaint. SEE Veale v. T/O Marlborough, NH et al., 95-E-0082, Cheshire County Superior Court, Appeal denied N.H. Supreme Court (7/21/97). Since that date, and according to information and belief, certain local, state, and federal officials attempted to murder our two sons on January 7, 1998 when they were only 38 years old, by staging their single motor vehicle crash on a half mile strip of black ice on Rte. 9 in Stoddard, NH – and making it look like an accident that was their fault, and again because of the officials involved, nothing has been done about that either by your employees to date which we would also like to include and make part of this complaint and claim as well.

Pursuant to Title 28 Chapter 171 of the Federal Tort Claims Act, and within the applicable 2-year statute from the final order dismissing the above-referenced Quiet Title case, We demand the United States make full settlement and compensation to us for our damages and losses to date that we, and our innocent family, have suffered and incurred as a direct result of the negligent acts described above concerning all of the federal employees involved to date and the U.S. Attorney's Office for the District of New Hampshire, while acting within the scope of their employment and official capacities, that directly contributed to the unlawful and unjustified foreseeable future interference with and deprivations of our aforesaid federally protected property rights and family reputation in Marlborough, in the amount of Twenty Eight Million Dollars ($28,000,000.00).

Date: July 19, 1999

Dorothy J. Veale
443 N. Bennington, Rd.,
Bennington, NH  03442
(603) 588-2704

Theodore R. Veale
443 N. Bennington Rd.,
Bennington, NH  03442
(603) 588-2704

Sworn and subscribed to both before me this 19 day of July, 1999 that the foregoing statements made by both to be the truth to the best of their knowledge and belief.
Notary/Justice of the Peace

DIANNE E. NICOL, Notary Public
My Commission Expires April 19, 2000