UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-11526-GAO

THEODORE R. VEALE and
DOROTHY J. VEALE,
Plaintiffs

v.

UNITED STATES OF AMERICA, et al.,
Defendants

<u>MEMORANDUM AND ORDER</u>
July 20, 2006

O'TOOLE, D.J.

Theodore R. Veale and Dorothy J. Veale have brought this action against the United States
and various federal agencies, alleging claims for violation of their civil rights as well as common law
torts. They seek money damages and injunctive relief. For substantially the reasons set forth in the
United States' unopposed motion to dismiss, the amended complaint will be dismissed. I conclude
that the plaintiffs are in privity with their sons, David Veale and Scott Veale, and are attempting to
re-litigate on their sons' behalf the same claims, based on the same core grouping of facts and issues,
that their sons unsuccessfully litigated in the United States District Courts in Vermont and New
Hampshire. Accordingly, their claims are barred by the principles of *res judicata* and collateral
estoppel. Even if the plaintiffs' claims were not barred because of the prior litigation, they are
nonetheless subject to dismissal for failure to state a claim and for lack of jurisdiction. As to the
federal civil rights claims seeking money damages, the plaintiffs' allegations do not state a claim upon
which relief can be granted if they are taken as they are written in the amended complaint (e.g.
alleging violations of §§ 1983, 1985(3) and 1986) as set forth in the government's brief. Similarly,

even if the civil rights claims are construed charitably as an attempt to make a claim under <u>Bivens v.</u>

<u>Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), they are nonetheless

meritless.  Nor have the plaintiffs alleged a claim for injunctive relief that is allowed to proceed

because the United States has not  made a waiver of its sovereign immunity, such as the waiver made

for certain agency actions under the Administrative Procedure Act, which is inapplicable here.

Finally, the plaintiffs' claims appearing to sound in tort are barred because they are based on the same

alleged constitutional violations that constitute the basis for the civil rights claims and thus do not fall

within the limited waiver of sovereign immunity countenanced by the Federal Tort Claims Act.

Accordingly, the United States' motion to dismiss the plaintiffs' amended complaint (Dk. # 9) is

GRANTED and the amended complaint (Dk. # 3) is DISMISSED WITH PREJUDICE.

Under Rule 11, the Court may impose sanctions on an unrepresented party if he or she

submits a  pleading for an improper purpose or if the claims within it are frivolous or malicious.  <u>See</u>

Fed. R. Civ. P. 11(b)[1]; <u>Eagle Eye Fishing Corp. v. Dep't of Commerce</u>, 20 F.3d 503, 506 (1st Cir.

1994) (*pro se* parties, like all parties and counsel, are required to comply with the Federal Rules of

---

[1] Rule 11 provides in pertinent part:

(b) **Representations to Court.**  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11.

Civil Procedure); <u>Pronav Charter II, Inc. v. Nolan</u>, 206 F. Supp.2d 46, 53 (D. Mass. 2002) (Rule 11 applies to *pro se* litigants) (citation omitted).  Rule 11 exists, in part, to protect defendants and the Court from wasteful, frivolous and harassing lawsuits, and provides for sanctions as a deterrent.  <u>See</u> <u>Navarro-Ayala v. Nunez</u>, 968 F.2d 1421, 1426 (1st Cir. 1992).

In addition to Rule 11,  section 1927 of Title 28 provides for the imposition of costs and expenses, including attorneys' fees, against a person for unreasonable and vexatious litigation. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Apart from authority under Rule 11 and section 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. <u>See</u> <u>Chambers v. Nasco, Inc.</u>, 501 U.S. 32, 46-50 (1991); <u>accord</u> <u>United States v. Kouri-Perez</u>, 187 F.3d 1, 6-8 (1st Cir. 1999); <u>John's Insulation, Inc. v. L. Addison & Assocs.</u>, 156 F.3d 101, 109 (1st Cir. 1998) (district court did not abuse its discretion in ordering dismissal of complaint and default judgment as a sanction for plaintiff's protracted delay and repeated violation of court's order under inherent powers rather than Rule 41); <u>Alexander v. United States</u>, 121 F.3d 312, 315-316 (7th Cir. 1997) (sanctioning inmate in the amount of $500 pursuant to court's inherent authority for repetitious, meritless litigation). Vexatious conduct occurs where a party's actions are "frivolous,

3

unreasonable or without foundation." <u>Local 285 Serv. Employees Int'l v. Nontuck Resources Assocs.</u>, 64 F.3d 735, 737 (1st Cir. 1995); <u>accord</u> <u>Alexander</u>, 121 F.3d at 315-16 (sanction appropriate when objectively unreasonable litigation-multiplying conduct continues despite a warning to desist).  Subjective bad intent is not necessary to justify an award for vexatious conduct, <u>Local 285</u>, 64 F.3d at 737, and bad-faith behavior in this context is equivalent to bringing suit on a frivolous claim, meaning a claim that no reasonable person could suppose to have any merit.  <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th Cir. 2000).

As briefly noted above, the plaintiffs' sons have brought litigation based on the same claims raised here in the United States District Court in both New Hampshire and Vermont.  This case appears to have been an attempt to avoid the preclusive bar of those prior cases and the injunctions on filing imposed on the plaintiffs' sons in both of those District Courts and in the New Hampshire state courts.  Accordingly, the plaintiffs in this action, Theodore R. Veale and Dorothy J. Veale,  and their sons, Scott Veale and David Veale, are warned that they could be enjoined from filing further actions in this Court absent permission from a district judge, and/or that they could be subject to monetary sanctions should they make any additional frivolous and/or unreasonable submissions to this Court.

It is SO ORDERED.

July 20, 2006                                          \s\ George A. O'Toole, Jr.

DATE                                                     DISTRICT JUDGE